United States District Court
Southern District of Texas
**ENTERED**
August 27, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL LOCKWOOD, Appellant, | § § § § | CIVIL ACTION NO 4:21-cv-01378 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| B. RILEY FINANCIAL, INC, *ET AL*, Appellees. | § § § § | |

OPINION AND ORDER
AFFIRMING DECISION OF THE BANKRUPTCY COURT

Appellant Michael Lockwood appeals from two orders of the United States Bankruptcy Court that held him in civil contempt and awarded attorney fees and costs to Appellees Mark Shapiro, GlassRatner Advisory & Capital Group LLC, and B. Riley Financial. Dkt 22 at 9.

The orders of the bankruptcy court are affirmed. See Dkt 9, ROA 795–98 (civil contempt) & 1355–57 (fees and costs).

1. Background

Lockwood Holdings, Inc, and two of its affiliates filed a Chapter 11 petition on January 18, 2018. Four other affiliates then filed on January 24, 2018. *In re Lockwood Holdings, Inc,* 2024 WL 727762, at *1 (SD Tex).

The bankruptcy court entered an order for joint administration of those proceedings on January 25, 2018. Lockwood Holdings and its affiliates retained GlassRatner to provide them with a chief restructuring officer. GlassRatner in turn appointed Shapiro to serve in that capacity. Ibid.

Michael Lockwood was the sole shareholder, CEO, and creditor for each of the Lockwood entities prior to these petitions. He participated in all proceedings in this regard, appearing either with counsel or *pro se.* Ibid.

The Chapter 11 plan was filed in December 2018, entered in February 2019, and became effective in June 2019. See ROA at 795–98, 266–309 (plan), 310–39 (confirmation order). The confirmed plan contained several release provisions, along with an injunction and an exculpation clause covering Appellees. ROA at 274, 297–98. Of note, the confirmation plan wasn't challenged or appealed.

On January 7, 2021, Lockwood filed a petition in the 55th Judicial District Court of Harris County, asserting a negligence claim against Shapiro for failure to adequately and accurately disclose conflicts of interest. ROA at 938; see also ROA at 950–57 (original petition). On February 1, 2021, he amended his complaint to add four more defendants, including GlassRatner and B. Riley Financial. ROA at 464–65; see also ROA at 468–81 (first amended petition).

On January 31, 2021, Shapiro filed an emergency motion with the bankruptcy court to enforce the confirmation order. ROA at 420–41. The bankruptcy court heard argument on February 4, 2021. ROA at 533; see also ROA at 490–525 (transcript). It then granted the motion, finding that Lockwood's state-court claims were derivative as to the bankruptcy estate, and that he therefore violated the confirmed Chapter 11 plan. ROA at 521–22.

The bankruptcy court also required Lockwood to dismiss that action with prejudice within forty-eight hours. ROA at 522; see also ROA at 526–28 (enforcement order). Yet Lockwood instructed his counsel in state court to refuse this order to withdraw the case. ROA at 486. Such counsel thus terminated their representation on February 5, 2021. ROA at 994. Lockwood then proceeded *pro se* and amended the state court petition. See ROA at 763–77 (second amended petition).

Lockwood also sought to stay the bankruptcy court's enforcement order. This was denied. ROA at 675. He then sought emergency relief to stay the enforcement order before this Court. This, too, was denied. Dkt 3 at 710–11.

Even after such denials of relief, Lockwood didn't dismiss the suit filed in state court. Dkt 24 at 10. This prompted GlassRatner and Shapiro to file a motion for civil contempt, which B. Riley Financial joined. ROA at 796.

The bankruptcy court took up the motion for civil contempt in April 2021. Ibid. Lockwood stated that he wouldn't dismiss the case he filed in state court despite the bankruptcy court's order. Ibid. As such, the bankruptcy court then found Lockwood in contempt and ordered a "coercive sanction" that Lockwood be "incarcerated pending his compliance with the Enforcement Order." ROA at 797. It also imposed compensatory sanctions in the form of attorney fees and costs for GlassRatner, Shapiro, and B. Riley Financial. ROA at 798; see also ROA at 1355 (fees and costs).

Lockwood filed a timely notice of appeal of the orders of civil contempt and the related sanctions. Dkt 1-1. In a related appeal involving the same parties, Lockwood raised a number of substantive and procedural challenges. *Lockwood*, 2024 WL 727762, at *2, *4. The bankruptcy court was affirmed in full as to those aspects. Id at 7.

2. Legal standard

This appeal follows from a core proceeding before the bankruptcy court, as it concerns enforcement of the Chapter 11 plan. See 28 USC §157(b)(2). No party contends otherwise. Indeed, Lockwood appears to concede that the matter here proceeds from a final order in the bankruptcy court. See Dkt 22 at 7.

In appeals from core bankruptcy proceedings, a district court functions as an appellate court. It thus applies the same standard of review as would a federal appellate court. See *In re Webb*, 954 F2d 1102, 1103–04 (5th Cir 1992). As such, findings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo*. *In*

*re Seven Seas Petroleum Inc*, 522 F3d 575, 583 (5th Cir 2008); see also Federal Rule of Bankruptcy Procedure 8013. Matters within the discretion of a bankruptcy court are reviewed only for abuse of discretion. *In re Gandy*, 299 F3d 489, 494 (5th Cir 2002); see also *In re Bradley*, 588 F3d 254, 261 (5th Cir 2009), citing *In re Terrebonne Fuel & Lube, Inc*, 108 F3d 609, 613 (5th Cir 1997): "A bankruptcy court's assessment of monetary sanctions for contempt is reviewed for abuse of discretion." On review of conclusions of law, the district court "may affirm if there are any grounds in the record to support the judgment, even if those grounds were not relied upon" by the bankruptcy court. *In re Green Hills Development Co*, 741 F3d 651, 656 & n 17 (5th Cir 2014) (citations omitted).

### 3. Analysis

Lockwood raises two issues on appeal:

- *First*, whether the bankruptcy court abused its discretion by (i) holding him in civil contempt for refusing to comply with its prior order that required him to dismiss with prejudice his state-court action, and (ii) incarcerating him until he complied with that order.
- *Second*, whether the bankruptcy court abused its discretion by holding him in civil contempt and ordering him to reimburse attorney fees and costs to Shapiro, GlassRatner, and B. Riley Financial.

Dkt 22 at 8–9.

Lockwood suggests only abuse of discretion in issuing the mentioned orders because (i) he had a reasonable, good-faith basis for believing that he could maintain his state-court action despite the bankruptcy court ordering him to dismiss it, and (ii) the bankruptcy court should have employed "reasonable alternatives" to compel him to dismiss his state court action. Dkt 22 at 11–13. Neither of these arguments have merit.

*As to a putative "reasonable" basis for defying an order of the bankruptcy court,* this argument wasn't raised below

4

and is thus waived on appeal. See Dkt 24 at 16–17; see also *Adams v Unione Mediterranea Di Sicurta*, 364 F3d 646, 653 (5th Cir 2004) (citations omitted): "Issues not raised or inadequately briefed on appeal are waived."

But even apart from waiver, the bankruptcy court didn't abuse its discretion. It's clear that Lockwood had no *good faith* or *reasonable* basis to defy the enforcement order. During the civil contempt hearing, he admitted that he hadn't complied with that order, going so far as to tell the bankruptcy court that, despite the order, he still wouldn't dismiss the state-court litigation either with or without prejudice. ROA at 796; see also ROA at 830–31 (transcript). He then conceded again, during the course of this appeal, that he had been in contempt of the enforcement order. He challenged neither the bankruptcy court's findings that he was in contempt, nor that he wouldn't voluntarily comply with the enforcement order. See ROA 797. And when asked during oral argument before this Court, he again affirmed that, while he thought he had grounds for further challenge, he was knowingly in contempt of the order and that the order alone wasn't going to bring about his compliance. Hearing at 27:30–28:10.

*As to awarding fees and costs,* the bankruptcy court didn't abuse its discretion. Lockwood didn't set out in his brief a clear argument in this regard. But he explained at hearing he believes that the bankruptcy court failed to pursue alternative sanctions to civil contempt, and that he shouldn't have been liable for the fees and costs of his adversaries. See Dkt 22 at 12–13. For example, he suggests the bankruptcy court could have requested that he "simply abate the state court case" or suggested to Appellees that they "request an abatement of the state court case." See Dkt 22 at 13; see also Hearing at 11:59–12:45 (arguing point, while raising for first time that Lockwood could have been permitted to remove case from state court).

It isn't clear that either of these "alternatives" are procedurally possible. And Lockwood also doesn't explain why these options would have been appropriate given that he informed the bankruptcy court that he wouldn't

5

voluntarily comply with the enforcement order. See ROA 797. And even as phrased, Lockwood concedes it as a matter committed to the bankruptcy court's discretion, with no abuse apparent in that regard.

Lockwood also generally challenges the bankruptcy court's award of fees and costs without challenging any specifics of that determination. Dkt 22 at 11–12. His position at oral argument appeared to be that he had a "good faith" basis to carry on as he did, so he shouldn't be responsible for any fees and costs incurred by the Appellees. Hearing at 08:31–44. This fails for similar reasons as stated above.

In any event, the bankruptcy court provided Lockwood sufficient process to challenge any requested fees and costs before making the award. ROA at 798 (allowing twenty-one days to object after filing of any bill of costs). He filed a response and objection to the requested fees. ROA at 891–909. The parties confirmed during oral argument that a hearing on the point occurred. Hearing at 03:55–05:58; see also 14:28–40 (hearings on stay of order and stay on appeal).

Lockwood thus had ample opportunity to challenge the award of fees and costs. No abuse of discretion occurred.

    4.   Conclusion

The issues brought in this appeal by Michael Lockwood have been fully considered on review of the record in light of governing authority.

The orders of the bankruptcy court from which Appellant Michael Lockwood appeals are AFFIRMED. See ROA 795–98 (civil contempt) & 1355–57 (fees and costs).

SO ORDERED.

Signed on August 27, 2025, at Houston, Texas

*/s/ CREskridge*
Hon Charles Eskridge
United States District Judge